UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL PAIVA | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | C.A. NO. |
| | : | |
| BOSTON COLLEGE and DOES 1-10, Inclusive | : | |
| Defendants | : | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446 and the applicable Local Rules of the District of Rhode Island, Defendant Boston College (hereinafter "Defendant") gives notice that it hereby removes the case presently pending in the Rhode Island Superior Court entitled *Michael Paiva v. Boston College,* C.A. No. PC-2021-02403 (hereinafter the "Action"), to the United States District Court for the District of Rhode Island. Defendant removes the Action by special appearance without waiving any defenses or objections.

Removal is authorized by 28 U.S.C. §§ 1332 and 1441 and is based upon the District Court's jurisdiction of claims arising under diversity jurisdiction as there is diversity between all parties. In further support of this Notice, Defendant states:

1. The Action was commenced on or about April 7, 2021 in the Rhode Island Superior Court, and Defendant received service of the Complaint on May 25, 2021. A copy of the Complaint is attached as **Exhibit A**. The time within which Defendant may remove the Action pursuant to 28 U.S.C. §1446 to the United States District Court for the District of Rhode Island has not yet expired.

2. The United States District Court for the District of Rhode Island has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the action is between citizens of

1

different states and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. §1332(a)(1). The Action satisfies both statutory requirements.

**There is Diversity of Citizenship Between Plaintiff and Defendant**

3. There is diversity of citizenship under 28 U.S.C. §1332(a) between Plaintiff and Defendant.

4. According to his complaint, Plaintiff is a resident of Smithfield, Rhode Island. Thus, Plaintiff is a citizen of the State of Rhode Island.

5. Defendant is a private university located in Chestnut Hill, Massachusetts with a principal place of business at 140 Commonwealth Avenue in Chestnut Hill, Massachusetts. Thus, Defendant is a citizen of the Commonwealth of Massachusetts.

6. Plaintiff and Defendants are citizens of different states for diversity purposes, therefore, the diversity requirement of 28 U.S.C. §1332(a)(1) is satisfied.

**The Amount in Controversy Exceeds $75,000**

7. The requirements for diversity jurisdiction are further satisified because the amount in controversy exceeds $75,000.00.

8. Plaintiff alleges in his complaint in the Action that he suffered the following injuries as a result of Defendant's alleged negligence: fractured right kneecap; soreness, pain, swelling and discoloration of the right leg; post-traumatic pain in the right knee; anxiety; and "other serious and severe personal; injuries." See Exhibit A at paragraph 10.

9. Plaintiff alleges in his complaint in the Action that he incurred the following damages: medical expenses; lost wages; loss of business opportunity and bonuses; "great pain, inconvenience, embarrassment, and mental anguish"; deprivation of the "the ordinary pleasures of life"; "loss of well-being and equanimity"; and great impairment of his "overall health, strength and vitality." See Exhibit A at paragraph 11.

10. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that the Plaintiff seeks to recover, or the financial impact the relief sought would have on the Defendant. *See Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (holding that the amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); *see also Dept. of Recreation & Sports v. World Boxing*, 942 F.2d 84, 90 (1st Cir. 1991).

11. In his complaint in the Action, Plaintiff seeks the following damages: pain and suffering; lost wages, medical expenses and out-of-pocket expenses; emotional distress; costs of suit, including attorney's fees, expert fees and related costs; pre- and post-judgment interest; and any other relief deemed appropriate by the Court.

12. Upon information and belief, Plaintiff is seeking more than $75,000 as compensation for his alleged injuries and damages.

13. Accordingly, this Court has jurisdiction over this action based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §§1332, 1441, and 1446.

**Defendant Has Complied with All Prerequisites and Removal of the Action to this Court is Proper**

14. 28 U.S.C. §1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading…" 28 U.S.C. §1446(b). This action was commenced in Rhode Island Superior Court, Providence County, on or about April 7, 2021. Defendant was served with the Complaint on May 25, 2021. Removal of this action from the Rhode Island Superior Court is timely as this notice is being filed within thirty (30) days of service of the complaint.

15. In accordance with 28 U.S.C. §1446(d), written notice of the filing of this removal notice will be given to Plaintiff following the filing of this Notice of Removal.

16. Pursuant to 28 U.S.C. §§ 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Rhode Island Superior Court pursuant to the Notice of Filing of Notice of Removal attached hereto as **Exhibit B**., and a copy of this Notice will be served upon Plaintiff.

17. As this action asserts a claim between diverse parties for an amount greater than the jurisdictional threshold, the requirements of 28 U.S.C. §1332 have been satisfied and removal to this Court is proper.

WHEREFORE, the Defendant, Boston College, hereby removes this action from the Providence County Superior Court to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332 and 1441.

Dated: June 11, 2021

Respectfully submitted,

Defendant,
BOSTON COLLEGE
By its attorneys,

*/s/ Paul S. Callaghan*
Paul S. Callaghan, Esq., #4931
HIGGINS, CAVANAGH & COONEY, LLP
10 Dorrance Street, Suite 400
Providence, RI 02903
(401) 272-3500
(401) 273-8780 (fax)
pcallaghan@hcc-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 11, 2021, I filed this document through the electronic filing system and served it by regular mail on the following counsel of record:

**Kevin D. Heitke, Esquire**

*/s/ Lisa A. Hennessey*